IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


D'SHAUN JAMAR BUTLER,

            **Plaintiff,**

    v.                                                  CASE NO. 13-3094-SAC

SAM CLINE, et al.,

            **Defendants.**


**O R D E R**

Plaintiff, a prisoner incarcerated in the Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas. He proceeds pro se on a civil complaint seeking relief under 42 U.S.C. § 1983.

*Motion to Proceed In Forma Pauperis, 28 U.S.C. § 1915*

Plaintiff has paid the initial partial filing fee assessed by the court, 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis in this civil action. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee, through automatic periodic payments from his inmate trust account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party

proceeding in forma pauperis must be given a liberal construction, *Erickson v. Pardus*, 551 U.S. 89 (2007), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief). At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to the plaintiff. *Id.* at 555.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff names the following HCF defendants in this matter: Warden Sam Kline, Correctional Officer ("CO") Nunez, CO Cubbage, CO Pettay, and Aramark employee Slago.

Plaintiff states he was subjected to verbal sexual harassment by defendant Cubbage on November 5, 2012, and was then forced to remain at HCF and suffer staff retaliatory threats to his safety and frivolous disciplinary write-ups. Plaintiff states his legal property, and his Bible which contained important address information, were taken by defendant Pettay when plaintiff was placed on a transfer bus on November 27, 2012, for a court appearance, but were never returned

when he went back to HCF two days later. Plaintiff claims this rendered him unable to "properly fight my case" and deprived of property that "can or could have" restored his freedom. Plaintiff claims defendants' unprofessional conduct has caused him to suffer loss of sleep, headaches, depression and stress. Plaintiff further claims he cannot think clearly, and lives in daily fear for his safety.

On these allegations, plaintiff contends defendants have subjected him to cruel and unusual punishment and violated his rights under the Fourteenth Amendment. Plaintiff seeks damages, his immediate removal from HCF through an interstate compact to protect his personal safety, and a three year deduction from his sentence because the missing legal work would have resulted in a reduction of his sentence if he had been successful.

Having reviewed these allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

*Cruel and Unusual Punishment*

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25 (1993). A cognizable claim of cruel and unusual punishment requires a showing that the alleged deprivation must be, objectively, "sufficiently serious," and a showing that the prison official acted with a "sufficiently culpable state of mind." *Id*. at 834 (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

It is well established, however, that allegations of verbal abuse and harassment alone are insufficient. *See e.g., McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir.2001)("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal

taunts do not violate the Eighth Amendment.").

Also, plaintiff's bare allegations of retaliation by staff in general are conclusory at best, lacking any factual basis for plausibly finding either a sufficiently serious deprivation or that any named defendant acted with culpable intent.

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991 (citing cases). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id*. Accordingly, absent amendment of the complaint to cure these deficiencies, plaintiff's claim of cruel and unusual punishment is subject to being summarily dismissed as stating no claim for relief under § 1983.

*Missing Legal Property*

Nor do plaintiff's allegations present any actionable Fourteenth Amendment claim. Plaintiff does not allege constitutional error in the taking of his legal materials during his transport to a court hearing, but instead alleges the failure to return this property violated his constitutional rights and impermissibly interfered with his ability to pursue post-conviction relief in the state courts. One can reasonably infer from plaintiff's sparse allegations and attached exhibits that his property has not been returned because staff cannot locate it.

No violation of plaintiff's right to due process under the Fourteenth Amendment is implicated, however, by this random and

unauthorized taking of his property where adequate post-deprivation remedies are available such as state tort and common law remedies. *See Hudson v. Palmer,* 468 U.S. 517, 531 (1984); *Gillihan v. Shillinger*, 872 F.2d 935 (10th Cir.1989). Notably in this case, exhibits attached to plaintiff's complaint include an administrative grievance response from Warden Cline reminding plaintiff that the Unit Team staff has instructed plaintiff to file a Personal Property Claim regarding his missing property, that use of the administrative grievance procedure was not the proper procedure to employ, and that the search for plaintiff's legal work and Bible would continue.

To the extent plaintiff is attempting to pursue a claim of being denied his right of access to the courts, he must sufficiently allege that the deprivation of his legal materials caused him actual injury. *See Lewis v.* Casey, 518 U.S. 343, 351-52 (1996)(to have standing to pursue a right-of-access claim, a plaintiff must allege actual injury). While cognizable harm can arise if plaintiff's efforts to pursue a claim are impeded, *id.* at 353 n.4, plaintiff is still required to demonstrate that defendants hindered his efforts to litigate a nonfrivolous claim. *Penrod v.Zavaras*, 94 F.3d 1399, 1403 (10th Cir.1996).

Here, plaintiff's simple broad reference to not being able to pursue potential relief in the state courts, and his speculation of success if his legal papers had been returned, are insufficient to plausibly establish any actual injury.

*Personal Participation of Each Defendant*

Plaintiff is also advised that "[i]ndividual liability under 42 U.S.C § 1983 must be based on personal involvement in the alleged

constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.1997); *see also Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996)("[P]ersonal participation is an essential allegation in a section 1983 claim."). A defendant cannot be held liable in a civil rights action based solely upon his or her supervisory capacity. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir.2006) ("[F]or liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.").

Other than plaintiff's claim of misconduct by defendants Cubbage and Pettay, the complaint contains no specific allegations concerning the remaining defendants other than to broadly claim Warden Cline and his staff are responsible for the safety and security of the facility. This is insufficient. *Id.* Accordingly, defendants Cline, Nunez, and Slago are subject to being summarily dismissed from this action because the complaint provides no factual or legal basis for plausibly establishing their personal participation in any alleged violation of plaintiff's constitutional rights.

### *Notice and Show Cause Order to Plaintiff*

For the reasons stated herein, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 19183 against any named defendant. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii). The failure to file a timely response may result in the complaint being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the

remainder of the district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 24th day of July 2013 at Topeka, Kansas.

                                                 s/ Sam A. Crow  
                                             SAM A. CROW  
                                             U.S. Senior District Judge